**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALEDA M. BUNCH,
Plaintiff-Appellant,

v.

No. 96-1994

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Clarence E. Goetz, Chief Magistrate Judge.
(CA-88-3045-WN)

Submitted: April 30, 1998

Decided: May 26, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aleda M. Bunch, Appellant Pro Se. David Ira Salem, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Aleda M. Bunch, a federal employee, appeals the judgment on remand in favor of the Appellee denying Bunch relief under Title VII, 42 U.S.C.A. §§ 2000e-2000e-17 (West 1994 & Supp. 1998). Bunch also appeals the district court's denial of her motion for reconsideration. Finding no error in the district court's judgment and no abuse of discretion in the court's denial of Bunch's motion for reconsideration, we affirm.

Bunch, an employee of the Social Security Administration, sued her employer, alleging age discrimination under the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1998), and gender discrimination under Title VII. The district court entered judgment for her employer, and Bunch appealed. On appeal, this court affirmed the district court's judgment in favor of her employer and its partial denial of Bunch's Motion to Alter or Amend the Judgment. Additionally, this Court determined that Bunch's allegation of disparate terms and conditions of employment had been overlooked by the district court. Accordingly, this court remanded for additional findings on the record on the issue of Bunch's allegedly gender-based transfer to the Systems Management Staff [SMS]. On remand, the district court found that Bunch's transfer to SMS was not gender-based and did not violate Title VII's proscription against differential treatment as to the terms and conditions of her employment. The district court also denied Bunch's motion for reconsideration. Bunch appeals the district court's decisions.

On appeal, Bunch avers that instead of assigning her to the Supervisory Application Systems [SAS] section chief position as she requested, she was assigned to the unfavorable, disproportionately female SMS because of her gender. Bunch alleges that the SMS department was a "women's ghetto," which offered limited opportunities for promotion within the department, as well as reduced opportunities to move out of the department.

We evaluate Bunch's evidence under the burden-shifting scheme announced in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-

2

03 (1973). First, Bunch has the initial burden of showing a prima facie case of discrimination by a preponderance of the evidence. See McDonnell Douglas, 411 U.S. at 802. Then, if Bunch succeeds in proving the prima facie case, the burden shifts to the Defendant to show a legitimate, nondiscriminatory reason for the decision to transfer Bunch. See Page v. Bolger, 645 F.2d 227, 230-31 (4th Cir. 1981). If the Defendant carries this burden, Bunch must show that the proffered reasons were a pretext for discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). A pretext exists only if Bunch shows that the Defendant's proffered reason is false and that discrimination was the actual reason for the transfer. See Jiminez v. Mary Washington College, 57 F.3d 369, 378 (4th Cir. 1995) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993)).

We find that Bunch failed to show that the Defendant's legitimate, nondiscriminatory reason for transferring her to SMS--reorganization --was pretextual. Contrary to Bunch's assertions that her transfer was gender based, the record establishes that Bunch's supervisor transferred her to SMS as part of a restructuring that would put the Decision Support Staff [DSS] task force under SMS because it dealt with similar projects and would allow her supervisor to focus more on Division Directors who reported to him. Further, we find Bunch's claim that SMS was a "women's ghetto" unavailing. The record indicates that Bunch was assigned to SMS for less than two months and was thereafter transferred and promoted. Further, the record evidences that while Bunch's transfer did result in a change in working environments, it did not rise to the level of a Title VII violation.

Accordingly, we affirm the decisions of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3